UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA M SCHASKER,<br><br>    Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 23-cv-02893-SVK<br><br>**ORDER SCREENING<br>FIRST AMENDED COMPLAINT<br>UNDER 28 U.S.C. § 1915(e)**<br><br>Re: Dkt. No. 18 |

Before the Court is *pro se* Plaintiff Anna Schasker's First Amended Complaint (the "FAC" at Dkt. 18). The Court previously granted Plaintiff's application to proceed *in forma pauperis* and then screened her original complaint under 28 U.S.C. Section 1915(e), concluded "that [it did] not state a claim upon which relief can be granted" and directed Plaintiff to file an amended complaint. *See* Dkt. 12 at 5. Plaintiff has consented to the jurisdiction of a magistrate judge (*see* Dkt. 10), and the Court now screens Plaintiff's FAC. For the reasons discussed below, the Court concludes that the FAC fails to state a claim upon which relief can be granted and **ORDERS** Plaintiff to file a second amended complaint **by December 18, 2023**.

I.  **BACKGROUND**

Plaintiff sues Defendants the governor of California, Gavin Newsom, and the Napa County Fire Department (the "Department") for copyright infringement in connection with proposals, initiatives and statements issued by Defendants regarding climate change and environmental preservation. *See* FAC at 3, 18. Specifically, she alleges that Defendants impermissibly copied three of her copyrighted works:

- A letter she sent to Defendant Newsom, dated May 7, 2014, titled "Technology Challenge Speech." *See* Dkt. 18-1 at 1-3. In the Technology Challenge Speech, Plaintiff discusses high-level environmental policy. *See, e.g., id.* at 1 ("Northern California can benefit from

switching to Solar [energy]. . . . Wind turbine[s] can also be used for renewable energy . . . . California has 74 lakes on a list currently contaminated with mercury. The 74 lakes need to be cleaned immediately.").

- A letter she sent to the Department, dated August 21, 2021, titled "The Howard Kamerer Plan." *See id.* at 5-7. In The Howard Kamerer Plan, Plaintiff proposes implementation of a "grid" system to help manage wildfires. *See id.* at 5. She also proposes "[r]emov[ing] all PG and E power lines" and other "[r]esidential changes." *See id.* at 6.
- A letter she sent to the Department, dated January 21, 2022, titled "The Howard Kamerer Plan #2." *See id.* at 169-70. In The Howard Kamerer Plan #2, Plaintiff proposes installing thermometers in the ground in forests to help manage wildfires and criticizes "PG & E's mal-functioning equipment" and Defendant Newsom's plan "to do controlled fires." *See id.* at 169.

Altogether, the three copyrighted works present high-level aspirations regarding California environmental policy, and to the extent Plaintiff offers specific proposals, her discussion remains vague. *See, e.g.*, *id.* at 5 ("Create a fire break FROM the forest bed TOWARD residential areas. This break can be bulldozed wide enough so blazing fire and heat will have a buffer before it can reach any further. 1 mile? Dirt will stop the fire from traveling further. Keep the area free from debris.").

Armed with these generalized submissions, Plaintiff appends to the FAC numerous articles, executive orders, legislative bills and publications, concerning Defendants' environmental policies (and only some of which Defendants issued themselves), as examples of alleged instances in which Defendants infringed her copyrights. *See* Dkts. 18-1, 18-2. However, Plaintiff does not identify any instances in which Defendants (1) reproduced exact or similar language to that contained in the copyrighted works or (2) promoted unique or original ideas expressed in the copyrighted works (*e.g.*, installing thermometers in the ground). Instead, she describes only similarities between the general subject matter of her copyrighted works and that of the allegedly infringing materials. The following examples illustrate these comparisons:

- Just as "Plaintiff has established [in the Technology Challenge Speech] a need for land,

2

- water, and air conservation due to a wasteful use of natural resources that threatens the state of Californina [sic]," Defendant Newsom emphasized a need for California's environmental conservation in an executive order issued in 2020. *See* FAC ¶ 6.
- Defendant Newsom "took the [Technology Challenge Speech's] creative content of electric cars [to] pass[] a law that 100 percent of all passenger cars and trucks will be electric by 2035." *See id.* ¶ 8.
- Plaintiff compares Defendant Newsom's "initiat[ion of] regulatory action to end the issuance of new permits, for hydraulic fracturing" with discussion in the Technology Challenge Speech concerning "banning fracking to secure safety for our communities." *See id.* ¶ 12.
- Just as Plaintiff advocates for transitioning to solar and wind energy in the Technology Challenge Speech, "[t]he two Defendants Napa County Fire Department and Governor Gavin Newsom united their efforts to create a reliable structure that is undeniably the Plaintiff[']s creative content by joining the patterned system both of both [sic] Solar and Wind Energy." *See id.* ¶ 19.

## II.  LEGAL STANDARD

District courts must screen civil actions filed *in forma pauperis* to ensure that a complaint states a claim upon which relief can be granted, is not frivolous and does not seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [Section 1915] is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). To survive scrutiny under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This facial-plausibility standard requires a plaintiff to allege facts resulting in "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, under Section 1915, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of

the claim that would entitle him to relief." *Watison*, 668 F.3d at 1112. In performing this analysis, courts must construe *pro se* pleadings liberally. *See id.*

**III.    DISCUSSION**

Plaintiff fails to state a claim upon which relief can be granted in the FAC, because she does not sufficiently allege any actionable copying of her copyrighted works. "To state a claim for copyright infringement, [Plaintiff] 'must plausibly allege two things: (1) that [she] owns a valid copyright in [the copyrighted works], and (2) that [Defendants] copied protected aspects of [the copyrighted works'] expression.'" *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019) (citation omitted). To sufficiently plead copying, Plaintiff must "plead facts plausibly showing either (1) 'that the . . . works in question are strikingly similar,' or (2) 'that [the works] are substantially similar and that [Defendants] had access to [them].'" *Id.* at 952 (citations omitted). In evaluating whether works are strikingly or substantially similar at the pleading stage, the Court must apply the Ninth Circuit's "extrinsic test." *See id.* "The extrinsic test 'is an objective comparison of specific expressive elements; it focuses on the articulable similarities between the . . . works.'" *Id.* (citation omitted). Under the extrinsic test, the Court must first "filter out" the "unprotectable elements" of Plaintiff's copyrighted works and then compare the remaining elements to the allegedly infringing works "to assess similarities in the objective details of the works." *Id.* at 952-53.

Applying the extrinsic test here, the Court concludes that Plaintiff has not sufficiently alleged any copying by Defendants. Plaintiff alleges copyright infringement based on only the most general of similarities between the high-level ideas of her three copyrighted works and the policy initiatives and publications of Defendants. *See* Section I, *supra* (enumerating illustrative examples of Plaintiff's comparisons of general ideas). But "copyright protection does not extend to general ideas." *Kevin Barry Fine Art Assocs. v. Ken Gangbar Studio, Inc.*, 391 F. Supp. 3d 959, 966 (N.D. Cal. 2019); *see also Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985) ("General plot ideas are not protected by copyright law; they remain forever the common property of artistic mankind." (citations omitted)).

After filtering out the copyrighted works' general ideas, only Plaintiff's specific proposals

for managing wildfires remain as protectable elements: (1) implementation of the grid system, (2) application of certain enumerated residential changes and (3) installation of an underground thermometer. But Plaintiff does not direct the Court's attention to any instances in which Defendants described or pursued these proposals. She comes closest to doing so when she identifies guidelines prepared by the Department encouraging "property owners to create defensible space around structures" to prevent wildfires (*see* Dkt. 18-2 at 115), which she compares to the grid system she proposes in The Howard Kamerer Plan. *See* FAC ¶ 20. But the <u>general idea</u> of managing wildfires with buffer space is not subject to copyright protection.[1] Thus, Plaintiff has not sufficiently alleged any actionable copying by Defendants.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff fails to state a claim upon which relief can be granted in the FAC and **ORDERS** Plaintiff to file a second amended complaint **by December 18, 2023**. In a second amended complaint, Plaintiff must <u>clearly identify</u> any instances in which Defendants have reproduced or expressed the <u>specific</u> proposals discussed in her copyrighted works; merely comparing the general ideas underlying her copyrighted works with Defendants' allegedly infringing works will not suffice. The Court will dismiss this action if Plaintiff fails to file a second amended complaint by the deadline.

**SO ORDERED.**

Dated: November 17, 2023

_____
SUSAN VAN KEULEN
United States Magistrate Judge

---

[1] Plaintiff also directs the Court's attention to a (concededly) non-functioning hyperlink to videos allegedly posted online by the Department that depict use of her proposed gridding system. *See* FAC ¶ 17. While the Court is sympathetic to Plaintiff's inability to produce copies of the videos for the Court's reference, that inability does not excuse Plaintiff's failure to <u>describe</u> any alleged similarities between the videos and her proposed gridding system. Even a liberally construed *pro se* pleading screened under Section 1915 will not survive based on conclusory allegations alone. *See, e.g.*, *Balik v. Time Warner Cable, Inc.*, No. 16-cv-05101-HSG, 2016 WL 6892715, at *3 (N.D. Cal. Nov. 23, 2016) (rejecting *pro se* plaintiff's "conclusory allegations" while conducting screening under Section 1915).