UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICHELE KAMERER,<br><br>    Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 23-cv-02893-SVK<br><br>**ORDER DENYING MOTION FOR DISQUALIFICATION OF MAGISTRATE JUDGE VAN KEULEN**<br><br>[Re: ECF No. 31] |

Before the Court is Plaintiff Nichele Kamerer's motion to disqualify Magistrate Judge van Keulen. ECF No. 31 ("Mot."). This motion was referred to the Court by Magistrate Judge van Keulen. ECF No. 33. For the reasons stated below, the Court DENIES the motion.

**I.   BACKGROUND**

Kamerer, formerly known as Anna Schasker, brought this lawsuit against California Governor Gavin Newsom and the Napa County Fire Department. ECF No. 1 ("Compl."). Kamerer alleges that Defendants infringed her copyrights on three documents that discuss her proposals for environmental policies: the "Technology Challenge Speech," "The Howard Kamerer [Plan]," and "The Howard Kamerer [Plan] #2." *See generally* ECF No. 30 (the operative third amended complaint).

Judge van Keulen granted Kamerer's application to proceed *in forma pauperis* and screened the initial complaint, finding that the initial complaint did not state a claim upon which relief could be granted. *See* ECF No. 12. After Judge van Keulen granted a motion to extend the time for Kamerer to file a first amended complaint (ECF No. 15) and Kamerer failed to timely file a first amended complaint, Judge van Keulen issued an order to show cause why the case should not be dismissed with prejudice. ECF No. 17. Kamerer then filed a first amended complaint.

ECF No. 18.  Judge van Keulen screened the first amended complaint, again finding that Kamerer failed to state a claim upon which relief could be granted.  ECF No. 20.  Kamerer then filed a second amended complaint, a motion to supplement her second amended complaint that contained an amended version of her second amended complaint, and an amended version of her second amended complaint.  *See* ECF Nos. 24, 25, 27.  Because it was unclear which document constituted the operative complaint, Judge van Keulen ordered Kamerer to file a third amended complaint.  ECF No. 28.  Kamerer filed a third amended complaint.  ECF No. 30.

On the same day, Kamerer filed a motion to disqualify Judge van Keulen pursuant to 28 U.S.C. § 455(a) and (b)(1).  Mot. at 2.  Judge van Keulen, pursuant to Civil Local Rule 3-14 and its commentary, referred the motion for reassignment to a different judge.[1]  ECF No. 33.  The case was then assigned to this Court.  ECF No. 34.

## II. LEGAL STANDARD

Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned."  Section 455(b) states that the judge "shall also disqualify [her]self . . . [w]here [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  The same substantive standard applies to each subsection.  *See United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) ("The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1) . . . [and] section (b)(1) simply provides a specific example of a situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a).").  This standard is an objective one and asks "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quoting

---

[1] This Court and other courts in this District have found it appropriate to refer § 455 motions to another judge.  *See, e.g.*, *Lenk v. Sacks, Ricketts, and Case LLP*, No. 3:19-cv-03791-BLF, Dkt. 40 (N.D. Cal. Sept. 9, 2019) (citing § 144 and referring a motion under § 455 for reassignment to another judge); *Sanai v. Kozinski*, No. 19-CV-08162-YGR (JD), 2021 WL 2273982, at *1 (N.D. Cal. May 24, 2021) (similar); *see also* Civ. L.R. 3-14 Commentary ("The rule does not preclude a Judge from referring matters arising under 28 U.S.C. § 455 to the Clerk so that another Judge can determine disqualification.").

*Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178 (9th Cir. 2005)). The Ninth Circuit has acknowledged "that section 455(a) claims are fact driven, and as a result, the analysis of a particular section 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue." *Clemens*, 428 F.3d at 1178 (quoting *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir.1999)). "[A] judge has 'as strong a duty to sit when there is no legitimate reason to recuse as [she] does to recuse when the law and facts require.'" *Id.* at 1179 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)). "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Torres v. Chrysler Fin. Co.*, No. C-07-00915-JW, 2007 WL 3165665, at *1 (N. D. Cal. Oct. 25, 2007).

## III. DISCUSSION

Kamerer argues that Magistrate Judge van Keulen should be disqualified for the following reasons: "Magistrate Judge Susan van Keulen (1) violated my due process; (2) said I was a prisoner; (3) said that Governor Gavin Newsom is immune from being sue[d]; (4) she is bias[ed] toward me – personally; (5) said I was delusional; and (6) she wants me to drop my case." Mot. at 8. In support of her motion, Kamerer attaches a California State Bar attorney complaint form against Judge van Keulen and annotated copies of Judge van Keulen's order granting IFP status and screening the initial complaint, ECF No. 12; Judge van Keulen's order screening the first amended complaint, ECF No. 20; and Judge van Keulen's order directing Kamerer to file a third amended complaint, ECF No. 28.

The Court finds that a reasonable person with knowledge of all the facts would have no basis to question Judge van Keulen's impartiality. Kamerer appears to take issue with Judge van Keulen's dismissals of the initial and first amended complaints. *See* Mot. at 8 (arguing that Governor Newsom is not immune from suit); *id.* at 14 (arguing that "complaint # is better written . . . and provides a cleaner claim for copyright"); *id.* at 15 ("Plaintiff did submit a statement of supplementing police reports."); *id.* at 22 ("That is plausible on its face."). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United*

1  *States*, 510 U.S. 540, 555 (1994); *see also Holland*, 519 F.3d at 914 ("[T]he judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal under § 455(a).").

The Court also finds no factual basis for any of Kamerer's allegations. In particular, a review of the docket reveals that at no point did Judge van Keulen refer to Kamerer as a prisoner or delusional and at no point did Judge van Keulen state that Kamerer should drop her case. Similarly, although Kamerer speculated in an email to Judge van Keulen's courtroom deputy that "Gavin Newsom pa[id] [Judge van Keulen] to do this[,]" the Court finds no evidence supporting this allegation. Kamerer's speculation is patently insufficient to support recusal. *See Clemens*, 428 F.3d at 1180 ("Section 455(a) does not require recusal based on speculation.").

In light of the absence of evidence supporting Kamerer's motion, the Court finds that Kamerer has not met her burden to show that Judge van Keulen is biased or prejudiced, or that her impartiality might reasonably be questioned.

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Nichele Kamerer's motion to disqualify Magistrate Judge van Keulen (ECF No. 31) is DENIED.

Dated: February 28, 2024

BETH LABSON FREEMAN
United States District Judge

4